**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **Wister King, Jr.,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **1:15cv1708 (GBL/TCB)** |
| | ) |
| **Harold W. Clarke, et al.,** | ) |
| **Defendants.** | ) |

<u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court upon review of Plaintiff's amended complaint.
This case concerns claims asserted by Plaintiff, Wister King Jr., a Virginia inmate proceeding <u>pro</u>
<u>se</u>, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment and Fourteenth
Amendment rights.   The issue before the Court is whether Plaintiff has alleged claims for which
relief can be granted.   The Court concludes that Plaintiff's claims must be dismissed, pursuant to
28 U.S.C. § 1915A(b)(1), for failure to state a claim.

**I. Background**

On December 11, 2015, Plaintiff filed a civil rights action, pursuant to 42 U.S.C. § 1983,
alleging violations of his constitutional rights at Lunenburg Correctional Center.   Dkt. No.1.   By
Order dated January 15, 2016, Plaintiff was instructed to particularize and amend his complaint.
Dkt. No. 4.   Plaintiff filed an amended complaint on February 5, 2016.   Dkt. No. 8.   In his
amended complaint, Plaintiff makes no allegations against either Harold Clarke or Nurse Manuel,
who were named as defendants in the original complaint.   Accordingly, Harold W. Clarke[1] and
Nurse Manuel must be dismissed from this case for failure to state a claim.

---

[1] Defendant Clarke is listed as Harold W. Clark's on the original complaint.   The Clerk is directed
to change the name in the Court's docket to Harold W. Clarke.

In his amended complaint, Plaintiff states that, on November 20, 2014, he was diagnosed with Hepatitis C, which can cause, among other injuries, cirrhosis of the liver, an enlarged spleen, liver cancer and deterioration of brain function.   Amend. Compl. §§ IV, VI.   "The FDA has recently approved a new drug called Sovaldi that … completely wipes out the Hepatitis 'C' virus and the patient can go on and live a full life.   Department of Corrections of Virginia is now allowing the drug … to be used on patients."   Id. at § IV.   On April 13, 2015, Plaintiff met with Dr. Nwaokocha because he was experiencing flu like symptoms, swelling below the right ribcage in the liver area, and difficulty breathing.   Id.   Plaintiff requested a prescription for Sovaldi, which Dr. Nwaokocha did not provide, stating "'the new drug [would] make [Plaintiff] sick.'"   Id. Plaintiff claims that "Dr. Nwaokocha refused any type of treatment to [Plaintiff's] serious medical need."   Id.   Specifically, Plaintiff alleges that Dr. Nwaokocha and Nurse Banks know about the risk of harm from Hepatitis C, but have failed to take reasonable steps to abate that risk for Plaintiff.   Id.

On April 14, 2015, Plaintiff filed an Informal Complaint stating that he "had [an] infection [and had] been confused on 4/13/15" and that he discussed Sovaldi with a nurse who "stated that this medication cause [sic] cirrhosis and cancer."[2]   Id. at Ex. A.   Plaintiff asked that he be prescribed Sovaldi because his "life [was] on the line before [he got] cirrhosis and cancer."   Id.

---

[2] The Court may consider exhibits attached to the complaint.   United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)).   Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails."   Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).   Thus, the facts, as presented here, reflect Plaintiff's allegations as supplemented by the exhibits to the amended complaint.

On April 25, 2015, Nurse S. Robert responded to the Informal Complaint by stating that Plaintiff had "been screened and [did] not meet the criteria." Id.

On April 20, 2015, Plaintiff filed an Offender Request stating that he was experiencing "flu like symptoms and swelling just below [his] front right rib cage, and [that it was] getting hard for [him] to sleep because of the swelling ... and breathing [was] becoming hard." Id. at Ex. D. Plaintiff also stated that he was "going through confusion spills [sic]," was "sore around [his] rib cage," "[his] liver fill [sic] like it [was] swelling and sore [,] and [his] throat [was] sore." Id. The response on April 21, 2015 states that Plaintiff had "been referred." Id.

On April 28, 2015, Plaintiff filed an Informal Complaint, asking "that medical provide [him] with the criteria for inmates with Hepatitis C." Id. at Ex. M. On April 29, 2015, Plaintiff filed an Offender Request, asking that he "be seen by a ... specialist ... because the doctor here [was not] providing [him] with adequate treatment." Id. at Ex. J. Plaintiff also stated that "[his] liver [was] hurting and swollen and [he was] not feeling well and if [his] situation [was] not treated adequately [it could] lead to liver damage, cirrhosis ... liver cancer and even death." Id. On April 30, 2015, Nurse Banks responded by stating that Plaintiff had been "scheduled [for] an appointment to discuss [his] concerns." Id.

Also on April 29, 2015, Plaintiff filed an Informal Complaint and a grievance stating that he was being denied a prescription to Sovaldi, and thus was not receiving adequate treatment for his Hepatitis C. Id. at Exs. A, K. In his grievance, Plaintiff asked that (1) he be prescribed Sovaldi and that the doctors "stop prolonging this treatment before [his] situation turn[ed] to cirrhosis and cancer at [sic] the liver," (2) they fire the nurse who discouraged him from taking Sovaldi, and (3) he be provided the criteria used to evaluate treatment for Hepatitis C. Id. at Ex. A. On May 22, 2015, Warden Walker responded to Plaintiff's grievance by stating that

> [a]ccording to information from [Nurse] Banks ... you have been screened and you do not meet the criteria for treatment of Hepatitis C. Also, you do not meet the inclusion criteria based on your APRI. To be included, this number should be equal to or greater than 1.0. Your APRI based on your labe [sic] work from 05-06-15 is 0.423. ... Based on this information, it is determined that your complaint is UNFOUNDED.

Id. Warden Walker also stated that the Hepatitis C treatment criteria are "not accessible to offenders." Id. Plaintiff appealed the decision, stating that his condition was serious and that he needed to see a Hepatitis C specialist so that he could receive adequate treatment. Id. On June 12, 2015, Plaintiff's grievance was again determined to be unfounded. Id. Specifically, Plaintiff was told that

> [t]he DOC has resumed treatment of HCV with newer treatment options. The decision to provide you the HCV treatment will be determined by the LCC physician based on your clinical condition. As you have been advised, it is reported that you have received the diagnostic evaluation and decision regarding your need for treatment. This issue is governed by **restricted policy.**

Id. (emphasis in original).

On June 19, 2015, Plaintiff filed an Offender Request, asking to see a Hepatitis specialist because he was "hurting and [his] liver [was] swollen, [he was] sore below [his] right rib cage. [He was] also having confusion spills [sic], [he was] also having abdominal cramps ... since ... taking the medication Lactulose." Id. at Ex. I. The request states Plaintiff was referred to sick call. Id. On July 12, 2015, Plaintiff submitted an Informal Complaint, an emergency grievance, and an Offender Request, all of which included requests to see a specialist. Id. at Exs. B, F, G. Plaintiff stated that his liver was swollen and that he was in pain and that his condition was "affecting [his] daily activities and [his] sleep." Id. Plaintiff was seen by the doctor on July 16, 2015, and was scheduled for a follow up visit as well. Id.

4

On July 17, 2015, Plaintiff filed an Informal Complaint and an Offender Request, again asking to see a specialist because "the doctor" would not give him a prescription for Sovaldi.  Id. at Exs. C, H.   Plaintiff was told that, as had been previously explained, he did not meet the criteria for treatment.  Id.

Plaintiff states that he is emotionally fragile because he is worrying about whether he will develop cancer.  Id. at § IV.   He also states that he is unnecessarily suffering, "which borders on cruel, and unusual punishment."  Id.   Thus, Plaintiff alleges, all three named defendants, Dr. Nwaokocha, Nurse Banks, and Warden Walker, have violated his Eighth and Fourteenth Amendment rights.  Id.   Plaintiff seeks monetary and injunctive relief.  Id. at § V.

## II. Discussion

### A. Standard of Review

Section 1915A of Title 28 of the United States Code provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such action which plaintiff asserts is a federal offense.

To state a claim under § 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 663. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, <u>id.</u> at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 55.

**B. Analysis**

The Court finds that Plaintiff's claims must be dismissed because he has failed to state a claim for which relief can be granted.

**1. Eighth Amendment Claim of Deliberate Indifference**

In his amended complaint, Plaintiff alleges that Defendants failed to provide him with adequate medical treatment; however, Plaintiff failed to state a claim for violation of his Eighth Amendment rights because he has not alleged that Defendants showed deliberate indifference to a serious medical need. To state a claim of improper medical treatment that rises to a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976); <u>see also</u> <u>Staples v. Va. Dep't of Corr.</u>, 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must satisfy two distinct elements to show that he is entitled to relief. First, he must provide evidence to show that he suffered from a sufficiently serious medical need. A medical need is "serious" if it has been diagnosed by a physician as mandating medical treatment, or if a lay person would recognize the need for medical treatment. <u>See, e.g.</u>, <u>Hall v. Holsmith</u>, 340 Fed. Appx. 944, 947 & n.3 (4th Cir. 2009) (holding that flu-like symptoms did not constitute a serious medical need); <u>Cooper v. Dyke</u>, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an

untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious).

Second, a plaintiff must allege that the defendant acted with deliberate indifference to his serious medical need.  To act with deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  An assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, a plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (recognized in Sharpe v. S. Carolina Dep't of Corr., 621 F. App'x 732, 733 (4th Cir. 2015) as overruled on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994)); see also Daniels v. Williams, 474 U.S. 327, 328 (1986). In other words, a plaintiff must show that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id.  To act with deliberate indifference, a defendant must have actual knowledge of the potential risk of harm to an inmate; the mere fact that the defendant should have known of the risk is not sufficient to constitute deliberate indifference.  See, e.g., Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard – a showing of mere negligence will not meet it.").

A delay in medical treatment may constitute deliberate indifference.  See Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) (citing Estelle, 429 U.S. at 104-05).  In such cases, in addition to establishing that his medical need was objectively serious, a plaintiff also must show that the delay in providing medical care caused him to suffer "substantial harm."  See Webb v. Hamidullah, 281 Fed. App'x. 159, 166 (4th Cir. 2008); Shabazz v. Prison Health Servs., No.

3:10cv190, 2011 WL 2489661, at *6 (E.D. Va. Aug. 9, 2011).   "The substantial harm requirement

may be satisfied by lifelong handicap, permanent loss, or considerable pain."   Shabazz, 2011 WL

3489661, at *6; see also, Coppage v. Mann, 906 F.Supp. 1025, 1037 (E.D. Va. 1995).   In addition,

the Court has

> recognize[d] that subjecting individuals to a risk of future harm—not simply
> actually inflicting pain—can qualify as cruel and unusual punishment.   To
> establish that such exposure violates the Eighth Amendment, however, the
> conditions presenting the risk must be sure or very likely to cause serious illness
> and needless suffering, and give rise to sufficiently imminent dangers.

Baze v. Rees, 553 U.S. 35, 49-50 (2008).

Plaintiff's allegations fail to state a claim for wrongful denial of medical care because they

do not establish that any defendant acted with deliberate indifference to his serious medical needs.

Even assuming without deciding that Plaintiff's Hepatitis C presents a serious medical need,

Plaintiff does not state how any of the named defendants denied him adequate care.   At most,

Plaintiff's conclusory allegations show that he disagreed with the medical staff about the course of

his treatment; however, this is insufficient to establish a denial of medical care claim.   See

Wright, 766 F.2d at 849.

The exhibits attached to Plaintiff's Amended Complaint show that he was seen by medical

staff every time he complained of pain and swelling in his liver.   He was also told that his APRI

level was not high enough to warrant treatment.   Thus, at most, the exhibits demonstrate that

Plaintiff's treatment was delayed and that he was at risk of a future harm; however, Plaintiff has

not alleged that the delay in his treatment caused him to suffer substantial harm or that his risk of

future harm was sufficiently imminent.   Specifically, Plaintiff's worries that he may eventually

have liver damage or liver cancer do not establish that the chances of Plaintiff suffering from such

diagnoses (1) will be affected by a delay in treatment, or (2) are imminent.   Accordingly, Plaintiff

8

has failed to state a claim of a violation of his Eighth Amendment rights for which relief can be granted, and his claim must be dismissed.

## 2. Fourteenth Amendment Due Process Claim

In his amended complaint, Plaintiff makes the conclusory allegation that Defendants violated his Fourteenth Amendment rights; however, this claim must be dismissed for failure to state a claim because, even taking all of Plaintiff's allegations as true, the facts do not show that his due process rights were implicated.  The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of life, liberty, or property without due process of law.  A prisoner's liberty interest is generally limited to being free from conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).  Specifically, a prisoner has protection against the arbitrary imposition of punishment by prison officials.  See Wolff v. McDonnell, 418 U.S. 539, 558 (1974).  He thus has a constitutionally protected interest in the procedural due process protections of a disciplinary hearing.  Prisoners have a protected liberty interest in the procedural protections provided in prison disciplinary hearings.  In these hearings, an inmate's due process rights are satisfied when he receives advance notice of the charges against him, receives written findings of the outcome of the hearing, and is able to call witnesses on his behalf.  Id. at 561-68.  However, a prisoner "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."  Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984).

Plaintiff makes no allegations that he has been arbitrarily punished or that his liberty interests have been infringed upon.  Nor does Plaintiff even mention any disciplinary hearings.

Rather, Plaintiff simply states that his Fourteenth Amendment rights were violated, with no supporting allegations. As previously stated, the facts as presented in the amended complaint in no way implicate Plaintiff's rights to due process. Therefore, Plaintiff's conclusory claim that his Fourteenth Amendment rights were violated must be dismissed for failure to state a claim.

### III. Conclusion

Plaintiff's claims against all Defendants must be dismissed pursuant to § 1915A(b)(1) for failure to state a claim. An appropriate Order will issue.

Entered this _____ day of _____ 2016.

Alexandria, Virginia

_____ /s/ _____
Gerald Bruce Lee
United States District Judge